IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VANESSA HALE,                                          3:13-CV-01148 RE

        Plaintiff,                                     **OPINION AND ORDER**

        v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,

        Defendant.

**REDDEN**, Judge:

Plaintiff Vanessa Hale ("Hale") brings this action to obtain judicial review of a final

decision of the Commissioner of the Social Security Administration ("Commissioner") denying

her claim for Supplemental Security Income ("SSI") benefits and Disability Insurance

Benefits("DIB"). For the reasons set forth below, the decision of the Commissioner is affirmed

and this matter is dismissed.

1 - OPINION AND ORDER

## BACKGROUND

Born in 1966, Hale is a high school graduate. She has worked as a carnival attendant, a retail cashier, and as a restaurant hostess. Tr. 311. On June 10, 2010, Hale filed an application for DIB, alleging disability since May 15, 2010, due to right leg swelling and pain, and stomach problems. Tr. 52. Hale subsequently applied for SSI on February 27, 2012. Tr. 284. Her applications were denied initially and upon reconsideration. After a March 2012 hearing, and a supplemental hearing in August 2012, Hale agreed to the Administrative Law Judge's offer of a closed period of disability between May 15, 2010, and December 31, 2011. Tr. 41. On May 8, 2013, The Appeals Council reversed the ALJ's decision and found Hale was not entitled to either SSI or DBI. Tr. 7. The Appeals Council's decision thus became the final decision of the Commissioner, from which Hale now appeals.

## ALJ's DECISION

The ALJ found Hale had the medically determinable severe impairments of borderline intellectual functioning, status post right leg fracture, obesity, and affective disorder. Tr. 16.

The ALJ found that Hale's impairments did not meet or equal the requirements of a listed impairment. Tr. 17. The Appeals Council

The ALJ determined that Hale retained the residual functional capacity ("RFC") to perform light work with simple, routine, entry-level tasks. Tr. 26.

The ALJ found Hale was not disabled and retained the ability to perform his past relevant work as a fast food worker. Tr. 30. In the alternative, the ALJ found Hale could perform other work in the national economy such as hand packager and telemarketer. Tr. 30-31.

The medical records accurately set out Hale's medical history as it relates to his claim for

benefits.  The court has carefully reviewed the extensive medical record, and the parties are

familiar with it.  Accordingly, the details of those medical records will be set out below only as

they are relevant to the issues before the court.

**DISCUSSION**

Hale contends that the Appeals Council erred by:  (1) failing to find her lumbar spine

condition constituted a severe impairment;  (2) improperly weighing medical evidence; and (3)

failing to make a Step Five determination as to other jobs in the economy that Plaintiff can

perform.

## I.  The Appeals Council Did Not Err at Step Two

At step two, the ALJ determines whether the claimant has a medically severe impairment

or combination of impairments.  *Bowen v. Yuckert,* 482 US 137, 140-41 (1987).  The Social

Security Regulations and Rulings, as well as case law applying them, discuss the step two

severity determination in terms of what is "not severe."  According to the regulations, "an

impairment is not severe if it does not significantly limit [the claimant's ] physical ability to do

basic work activities."  20 CFR § 404.1521(a).  Basic work activities are "abilities and aptitudes

necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing,

pulling, reaching, carrying or handling."  20 CFR § 404.1521(b).

The step two inquiry is a *de minimis* screening device to dispose of groundless claims.

*Yuckert,* 482 US at 153-54.  An impairment or combination of impairments can be found "not

severe" only if the evidence establishes a slight abnormality that has "no more than a minimal

effect on an individual's ability to work."  *See* SSR 85-28; *Yuckert v. Bowen,* 841 F2d 303, 306

(9th Cir 1988) (adopting SSR 85-28).  A physical or mental impairment must be established by

3  - OPINION AND ORDER

medical evidence consisting of signs, symptoms, and laboratory findings, and cannot be established on the basis of a claimant's symptoms alone. 20 CFR § 404.1508.

The Appeals Council properly determined that Hale had severe impairments at step two and continued the analysis. Any error in failing to identify other limitations as "severe" at step two is therefore harmless.

## II. The Appeals Council Did Not Err in Assessing the Medical Evidence

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss*, 427 F.3d at 1216.

## A. Sheryl Estlund, N.D.

The record indicates Dr. Estlund examined Hale once, on February 27, 2012. Tr. 511. Hale reported she could sit without pain, but could only walk two to three blocks before she had to sit. Tr. 511. Dr. Estlund noted Hale's right knee was swollen, but that full muscular-skeletal examination was not completed due to lack of time. Tr. 513. Dr. Estlund wrote:

> Vanessa is a 45 yo female who comes in today for this provider
> to complete her SS disability paperwork. I required her to come
> in for a visit today to review this paperwork as we have not yet

> discussed the issues that she is seeking disability for. Back in June
> of 2009, Vanessa was in an accident where she fractured her R
> tibia and required surgery/hardware replacement. She has had
> chronic pain and R knee swelling since then. She began mentioning
> knee pain in Oct 2011, but this was after a recent slip and fall....
> At that time, she had an active personal injury claim going and was
> seeing an orthopedist, so I referred her back to this doctor. In
> reviewing the orthopedic notes from Nov 22, 2011, an x-ray was
> taken of her R knee, the hardware from her 2009 injury was seen
> but there was no evidence of fracture line and the overall alignment
> and cartilage space appeared normal. The ortho ordered an MRI
> (I have not seen results of this) but was a bit confused as to the
> etio of her pain.

Tr. 513-14.

Dr. Estlund completed a form prepared by counsel on February 27, 2012. Tr. 515-19.

Dr. Estlund noted Hale had been seen in her clinic since March 2011, that she had never

evaluated Hale for depression, and that Hale would require the ability to shift positions every five

to thirty minutes if standing but could sit without time limitations. Tr. 515. Dr. Estlund noted no

limitations of Hale's upper extremities, and lifting limitations based on Hale's self-reports. Tr.

517.

## B. Neal E. Berner, M.D. and Richard Alley, M.D.

Dr. Berner reviewed Plaintiff's medical records and opined, on August 24, 2010, that

Plaintiff could stand and/or walk for two hours in an eight hour work day, and could sit for six

hours, with some additional postural limitations. Tr. 47.

Dr. Alley reviewed Plaintiff's medical records and agreed with Dr. Berner on December

21, 2010. Tr. 58-9.

The ALJ gave Dr. Estlund's opinion "some weight." Tr. 18. The Appeals Council

summarized Dr. Estlund's opinion, but found that the "medical evidence of record does not

5 - OPINION AND ORDER

support the finding of the [ALJ] that the claimant is disabled." Tr. 6. The Appeals Council

adopted the functional limitations described by Drs. Berner and Alley. *Id.*

Plaintiff contends that the Appeals Council erred by rejecting the opinion of treating

physician Estlund without explanation. However, as a naturopath, Dr. Estlund is not an

acceptable medical source within the meaning of the Commissioner's regulations. 20 C.F.R. §§

404.1513(a) and (d)(1), 416.913(a) and (d)(1); Social Security Ruling ("SSR") 06-03p, 2006 WL

2329939, *2.

The Appeals Council did not err when it relied on the reviewing medical doctors. The

Appeals Council summarized the opinion of treating provider Derek E. Lampracht, D.O., who

found Plaintiff less limited than did Drs. Berner and Alley. Tr. 5-6, 408. The opinions of Drs.

Berner, Alley, and Lambrecht constitute substantial evidence.

### III.  The Appeals Council Did Not Err By Failing to Identify Jobs Plaintiff Can Perform

Plaintiff contends the Appeals Council erred by failing to identify jobs she can perform.

The Appeals Council adopted Dr. Alley's opinion that Plaintiff could perform the lifting

requirements of ligth work, and the sitting and standing/walking requirements of sedentary work

with postural limitations. Even if Plaintiff were limited to only sedentary work with postural

limitations, she would not be disabled pursuant to Rule 201.21 of the Medical Vocational

Guidelines, due to her age, high school education, and past work. 20 C.F.R. pt. 404, subpt. P.,

app. 2, § 201.21. Plaintiff's postural limitations do not signficiantly erode the occupational base

of approximately 200 unskilled sedentary jobs. SSR 96-9p, 1996 WL 374185, **7-8.

### CONCLUSION

6  - OPINION AND ORDER

The Commissioner's decision that Hale was not disabled is based upon the correct legal standards and supported by substantial evidence.   Accordingly, the decision of the Commissioner is affirmed and this matter is dismissed.

IT IS SO ORDERED.

Dated this ____ day of July, 2014.

_____
JAMES A. REDDEN
United States District Judge

7 - OPINION AND ORDER